1
2
3
4
5
6
7   UNITED STATES DISTRICT COURT
8   EASTERN DISTRICT OF CALIFORNIA
9
10   CELIA P. LAMAACK,                          Case No. 1:22-cv-00634-KES-EPG
11                  Plaintiff,                  FINDINGS AND RECOMMENDATIONS
                                                RECOMMENDING THAT DEFENDANT'S
12          v.                                  MOTION FOR SUMMARY JUDGMENT BE
                                                GRANTED AND THIS CASE BE DISMISSED
13   ROCKET MORTGAGE, INC.,                     BASED ON SUMMARY JUDGMENT AND
                                                FAILURE TO PROSECUTE
14                  Defendant.
15                                              (ECF No. 16)
16
17

18       This civil rights case arises from a loan issued to Plaintiff Celia P. Lamaack ("Plaintiff")
19   by Rocket Mortgage, Inc. ("Defendant"). Plaintiff alleges that the loan was issued fraudulently
20   because, she contends, her late husband signed the loan documents without her permission.
21       Defendant has filed a motion for summary judgment on all of Plaintiff's claims.[1]  (ECF
22   No. 16). Plaintiff has failed to fail any opposition to Defendant's motion or otherwise indicate
23   she intends to prosecute this case.
24   \\\
25   \\\
26
27   _____
     [1] On March 21, 2025, Defendant's motion was referred to the undersigned to issue Findings and
28   Recommendations.  (ECF No. 25).

1

For the reasons stated below, the Court recommends granting Defendant's motion for summary judgment and issuing judgment for Defendant based on summary judgment and failure to prosecute.

## I.    PLAINTIFF'S COMPLAINT

Plaintiff Celia P. Lamaack commenced this action by filing a Complaint with the Clerk of the Court for the State of California, County of Fresno on March 17, 2022.  (ECF No. 1 at 7).  Thereafter, on May 25, 2022, the Defendant removed this case to the United States District Court for the Eastern District of California on the basis of diversity jurisdiction.  (*Id.* at 3).

Plaintiff's Complaint asserts two causes of action: one claim for Financial Elder Abuse and a second claim for Negligent Infliction of Emotional Distress ("NIED").  (*Id.* at 3, 4).  As to her first claim, Plaintiff alleges that unbeknownst to her on or about September 30, 2015, Defendant approved and funded a second mortgage in the amount of $118,650.00.  Plaintiff claims that her late husband signed her signature on all the documents without her permission.

As to her second claim, Plaintiff alleges that she suffered as a result of Defendant's outrageous, wrongful actions.

## II.    DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

On October 11, 2022, Defendants filed a motion for summary judgment. (ECF No. 16). In its motion, Defendant asserts that Plaintiff was not the victim of fraud, but rather personally took out the loan at issue with her late husband.  (ECF No. 16-1 at 12-13).  Defendant further argues that both of Plaintiff's claims are barred by the respective statutes of limitation.  (*Id.* at 14-15, 16-17).  Defendant argues alternatively that Plaintiff has failed to establish that Defendant committed fraud.  (*Id.* at 15-16).  Lastly, Defendant argues that Plaintiff's NIED claim fails because Defendant had no duty of care to Plaintiff.

In support of the motion for summary judgment, Defendant submits its telephone records from a conversation with Celia Lamaack August 8, 2022 (ECF No. 14-2), a Declaration from Rocket Mortgage officer Scott King (ECF No. 14-4), the Uniform Residential Loan Application signed by Celia Lamaack on September 1, 2025 (ECF 14-5), a Certification & Authorization, Deposit Agreement, Property Disclosure, Loan Disclosure Summary forms from September 1, 2015 (ECF 14-6), a September 3, 2015 letter notifying Plaintiff that her loan was approved (ECF

2

14-7), a final copy of the Uniform Residential Loan Application signed by Celia Lamaack on September 30, 2015 (ECF No. 14-8), a Promissory Note signed by Celia Lamaack on September 30, 2015 (ECF 14-9), a notarized Deed of Trust, signed by Celia and Hans Lamaack on September 30, 2015 (ECF No. 14-10), a notarized affidavit from Celia Lamaack, certifying that her legal signature is contained on the aforementioned documents (ECF No. 14-11), a notarized identify verification and acknowledgment certification for Celia and Hans Lamaack (ECF No. 14-12), a Settlement Statement signed by Celia Lamaack on September 30, 2015 (ECF No. 14-13), a TSI Title Company of California record of Payment to Celia Lamaack (ECF No. 14-14, ECF No. 14-15), records of nineteen checks paid from Celia Lamaack's bank account from December 1, 2016 to October 2, 2017 (ECF No. 14-16), a COVID-19 Forbearance Plan approval for Celia Lamaack's loan (ECF No. 14-17), a Supplemental Delinquency Notice from October 16, 2020, notifying Plaintiff that her loan payment was overdue (ECF No. 14-18), a letter from Celia Lamaack to Quicken Loans dated September 15, 2020, disputing the loan as fraudulent (ECF No. 14-19), and Quicken Loans' response letter dated November 2, 2020 (ECF No. 14-20).

Plaintiff never filed an opposition to this motion. Local Rule 230 states that "[a] failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion."

On November 1, 2022, Defendant filed a "Notice of Non-Receipt of Opposition to Motion for Summary Judgment of Defendant Rocket Mortgage, LLC," within which Defendant notified the Court that Plaintiff failed to file an opposition. (ECF No. 18). On January 9, 2024, Defendant filed a Response, stating its belief that "the case has been abandoned." (ECF No. 23 at 2).

On March 31, 2025, United States District Judge Kirk E. Sherriff referred the motion for summary judgment to the undersigned for Findings and Recommendations. (ECF. 25). On April 1, 2025, the Court ordered Plaintiff to file a status report stating whether she intends to prosecute this case or request for voluntary dismissal by May 1, 2025. (ECF No. 26). Plaintiff did not file a status report or otherwise respond to the minute order.

## III.    UNDISPUTED FACTS

Unless otherwise indicated, the facts set forth in this section are drawn from facts asserted by Defendants in their statement of the undisputed facts, which are not opposed by Plaintiff.

On or about June 5, 2014, Rocket Mortgage extended a mortgage loan to Plaintiff, ("Loan 3991"), which was secured by her primary residence.  On or about September 1, 2015, Plaintiff submitted a "Uniform Residential Loan Application" to Rocket Mortgage bearing the "lender case number" XXXXXX9016 ("Loan 9016").  Plaintiff sought Loan 9016 as a second mortgage loan for the purpose of refinancing her first loan, Loan 3991.

On September 30, 2015, Plaintiff attended the closing of Loan 9016 at a Starbucks coffee shop located at 4441 W. Ashlan Avenue, Fresno, California 93722.  During the closing, Plaintiff executed a "Note" in the principal amount of $118,650.00, with the first payment due to Rocket Mortgage on December 1, 2015.  Furthermore, Plaintiff and her late husband Hans Lamaack both executed a "Deed of Trust," which granted Rocket Mortgage a security interest in their residence.

On Page 18 of the Deed of Trust, Notary Public Loren G. Lewis certified under penalty of perjury that on September 30, 2015, Celia P. Lamaack personally appeared before her and presented evidence of her identity.  That same date, the Notary also executed an "Identity Verification and Acknowledgment Certification," within which she attested that both Celia and Hans Laamack appeared before her and presented government issued identification.  Also on that date, Plaintiff executed a "Signature/Name Affidavit" on which the Notary attested to Plaintiff's identity and signature.

During the September 30 closing, Plaintiff also executed a "Settlement Statement," which states that upon closing Loan 9016, Plaintiff would receive $5,179.45.  On October 7, 2015, TSI Title issued a check payable to Celia P. and Hans Lamaack in that amount.  Later, TSI Tile issued a check to the Lamaacks on October 27, 2015 in the amount of $68.43 for a refund of collected taxes.  The check is endorsed by Celia P. Lamaack and states "Pay to the order of Celia P. Lamaack… For deposit only."

From April 27, 2016, through October 2, 2017, Plaintiff made at least seventeen (17) payments on Loan 9016 via checks drawn from her individual account with the Educational Employee Credit Union.  Additionally, between February 10, 2016, through May 21, 2020, on at least eight (8) occasions, Plaintiff also called Rocket Mortgage.  During these calls, Plaintiff provided her name, email address and telephone number associated with her account.  Plaintiff also provided either her loan number or Social Security Number as identity verification.

1
2
3

During the COVID-19 pandemic, Plaintiff also applied for and obtained a successive forbearances, thereby suspending her payments due on Loan 9016 due from October 2020 through March 2022.

4

## I. LEGAL STANDARDS FOR SUMMARY JUDGMENT

5
6
7
8
9
10
11
12
13
14
15
16
17
18

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. At summary judgment, the court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence. *See id.* at 255; *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *Liberty Lobby, Inc.*, 477 U.S. at 249-50. A fact is material if its proof or disproof is essential to an element of a plaintiff's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby, Inc.*, 477 U.S. at 248. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal citation omitted).

19
20
21
22
23
24
25

The moving party bears the initial burden of informing the Court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 323. If the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is some genuine issue for trial in order to defeat the motion. *See* Fed. R. Civ. P. 56(c); *Liberty Lobby, Inc.*, 477 U.S. at 250.

26
27

Local Rule 230(c) provides that the failure "A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion."  E.D.C.A. Local Rule 230(c).

28

Federal Rule of Civil Procedure 56(e) addresses the circumstance when a party fails to address another party's assertion of fact in a motion for summary judgment, as follows:

(e) Failing to Properly Support or Address a Fact. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c) , the court may:
(1) give an opportunity to properly support or address the fact;
(2) consider the fact undisputed for purposes of the motion;
(3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or
(4) issue any other appropriate order.

Thus, while a motion for summary judgment cannot be granted by default, the Court may treat the facts asserted by Defendants as undisputed for purposes of the motion. *See Heinemann v. Satterberg* 731 F.3d 914, 916–917 (9th Cir. 2013) ("Heinemann argues that under the Federal Rules, a motion for summary judgment may not be granted based on a failure to file an opposition to the motion, regardless of any local rule that suggests the contrary. We agree with Heinemann. . . . As amended, Rule 56 requires district courts to assess whether 'the motion and supporting materials' entitle the movant to summary judgment. . . . If there is a failure to respond, the Rule 'authorizes the court to consider a fact as undisputed.'").

Additionally, under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Under this Rule, a court may dismiss an action *sua sponte. Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

## II.    ANALYSIS

### A.    Fraudulent Abuse of Elder Claim

Defendant moves for summary judgment as to Plaintiff's claim for fraudulent abuse of elder. (ECF No. 16-1). Defendant argues that Plaintiff's claim of Financial Elder Abuse is barred by California's four-year statue of limitations. (*Id.* at 12). Defendant also argues that Plaintiff fails to demonstrate that Rocket Mortgage took any property of Plaintiff for wrongful use or with intent to defraud. (*Id.* at 13). Plaintiff has not filed an opposition.

6

The California Elder Abuse Act ("Elder Abuse Act") protects California residents over the age of 65 from financial abuse.  *See Negrete v. Allianz Life Ins. Co. of N. Am.*, 927 F. Supp. 2d 870, 891 (C.D. Cal. 2013).

> Pursuant to the California Code, Welfare and Institutions Code - WIC § 15610.30:
> (a) "Financial abuse" of an elder or dependent adult occurs when a person or entity does any of the following:
>> (1) Takes, secretes, appropriates, obtains, or retains real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both.
>> (2) Assists in taking, secreting, appropriating, obtaining, or retaining real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both.
>> (3) Takes, secretes, appropriates, obtains, or retains, or assists in taking, secreting, appropriating, obtaining, or retaining, real or personal property of an elder or dependent adult by undue influence, as defined in Section 15610.70.

Additionally, section 15610.30 of the Elder Abuse Act provides that financial abuse of an elder occurs when a person or entity, acting in bad faith, "[t]akes, secretes, appropriates, or retains real or personal property of an elder or dependent adult to a wrongful use or with intent to defraud, or both."  *Rosove v. Cont'l Cas. Co.*, No. 2:14-CV-01118-CAS-CWx, 2014 WL 2766161, at *3 (C.D. Cal. June 2, 2014).  A person or entity who assists in this conduct is also liable under the Act.  Cal. Welf. & Inst. Code § 15610.30(a)(2).

**1.  Statute of Limitations**

An action for financial elder abuse must "be commenced within four years after the plaintiff discovers or, through the exercise of reasonable diligence, should have discovered, the facts constituting the financial abuse."  Cal. Welf. & Inst. Code § 15657.7.  Under California law, "the statute of limitations is an affirmative defense, and defendant has the burden of proving the action is time-barred." *Grisham v. Philip Morris, Inc.*, 670 F. Supp. 2d 1014, 1020 (C.D. Cal. 2009).

In her complaint, Plaintiff alleges that unbeknownst to her, on about September 30, 2015, Defendant funded a second mortgage, secured by her home.  Plaintiff alleges that her late husband forged her signature on all of the documents relating to the mortgage.  Plaintiff claims that she is an elderly widow and was not informed of the mortgage and has no means to pay the amount that is due.

7

According to Defendant's statement of undisputed facts, which Plaintiff has not opposed, Plaintiff discovered the facts constituting the purported financial abuse, i.e., that a loan had been issued to her, in 2015.  (ECF No. 16-1).  Specifically, Defendant submitted evidence that Plaintiff signed the Loan Statement on September 30, 2015.  Likewise, as evidenced by the Notary's certificate attached to the Deed, during the Closing held on September 30, 2015, the Notary certified under penalty of perjury that Plaintiff personally appeared before her and presented satisfactory proof of her identity and executed the Deed.  (ECF No. 16-1; *See* King Decl. at ¶ 13, and Exhibit F).  Moreover, Defendant also submits evidence that Plaintiff knew about the Loan as early as June 24, 2016, when she called about the loan and provided verification information that confirmed her identity.  (ECF No. 16-1; *see* Exhibit 1 at Page 5, Lines 1-4).

Plaintiff filed this lawsuit on October 11, 2022.  (ECF No. 16-1).  Given that the statute of limitation requires that Plaintiff submit her claim within four years of learning the facts underlying the alleged financial abuse, and the undisputed facts that Plaintiff was aware of this loan earlier than October 11, 2018, Defendant is entitled to summary judgment on the basis of statute of limitations.

**2. Lack of Evidence of Wrongful or Intent to Defraud**

Defendant also moves for summary judgment on the basis that Plaintiff lacks evidence that Defendant acted for a wrongful use or with intent to defraud, as required for this claim.

In support of its motion, Defendant submits evidence that on September 30, 2015, during the Closing, Plaintiff and her late husband executed the Note, Deed, and other documents in order for Plaintiff to obtain the proceeds of Loan 9016.  Furthermore, Defendant provides evidence, including Plaintiff's TSI Title, and Deed, showing that Plaintiff did in fact sign the loan documents.  Furthermore, Plaintiff paid numerous loan payments in 2016-2017 and made numerous calls to Rocket Mortgage between April 27, 2016, through October 2, 2017.

Based on this evidence, the Court finds that Defendant has met its initial burden of demonstrating the absence of a genuine issue of material fact for trial on the issue of whether Defendant acted with wrongful use or intent to defraud in issuing a loan to Plaintiff.

Because Plaintiff has failed to oppose Defendant's motion, she has failed to set forth specific facts showing that there is some genuine issue for trial.

Therefore, the undersigned recommends granting Defendant's motion for summary judgment as to Plaintiff's claim for financial elder abuse.

**B. Negligent Infliction of Emotional Distress**

Defendant also moves for summary judgment as to Plaintiff's claim for negligent infliction of emotional distress.  (ECF No. 16-1 at 18).  Defendant argues that "none of Plaintiff's allegations suggest that Rocket Mortgage's involvement in the loan transaction exceed the scope of role as the mere lender of money. As a result, Rocket Mortgage owned no tort based duty of care to Plaintiff."  (*Id.* at 19).

In California, "there is no independent tort of negligent infliction of emotional distress . . . [t]he tort is negligence."  *Bates v. Hartford Life & Acc. Ins. Co.*, 765 F. Supp. 2d 1218, 1222 (C.D. Cal. 2011) (quoting *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 984, 25 Cal. Rptr. 2d 550, 863 P.2d 795 (1993)) ("A claim of negligent infliction of emotional distress is not an independent tort but the tort of negligence to which the traditional elements of duty, breach of duty, causation, and damages apply.")).

The California Supreme Court has allowed recovery for negligent infliction of emotional distress for "serious emotional distress ... [caused by] a breach of duty owed to the plaintiff that is 'assumed by the defendant or imposed on the defendant as a matter of law, or that arises out of a relationship between the two.'"  *Burgess v. Superior Court,* 2 Cal.4th 1064, 1073 (1992). "Whether a defendant owes a duty of care is a question of law. Its existence depends upon the foreseeability of the risk and a weighing of policy considerations for and against imposition of liability."  *Id.* at 1072 (quoting *Marlene F. v. Affiliated Psychiatric Medical Clinic, Inc.*, 48 Cal.3d 583, 588 (1989)).

"[I]n the lender-borrower context," the "general rule" is that a "financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."  *Sheen v. Wells Fargo Bank, N.A.*, 505 P.3d 625, 636 (Cal. 2022) (citation omitted).

As described above, Defendant has submitted evidence that it acted only in its conventional role of a mere lender of money.  Plaintiff has not opposed this motion or otherwise submitted any evidence in support of her claim.

1

2

Thus, the Court recommends granting Defendant's motion for summary judgment as to Plaintiff's claim for negligent infliction of emotional distress as well.

3

**C. Failure to Prosecute**

4

5

The Court will also recommend dismissal of this case based on Plaintiff's failure to prosecute this case and failure to respond to the Court's order.

6

7

8

9

10

11

12

13

14

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action or claims based on a plaintiff's failure to prosecute or comply with a court order. *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). "In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

15

16

17

"The public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this first factor weighs in favor of dismissal.

18

19

20

21

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id.* Here, Plaintiff's failure to file a response to the Court's order to show cause is delaying this case from moving forward. Allowing Plaintiff's claims to proceed further would waste judicial resources. Therefore, the second factor weighs in favor of dismissal.

22

23

24

25

26

27

28

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to comply with a Court order or otherwise respond in this litigation that is causing delay and preventing this case from progressing. *See In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994) ("The law presumes injury from unreasonable delay."). Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and to not comply with a Court order, despite being warned of possible dismissal, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  And given the stage of these proceedings, the preclusion of evidence or witnesses is not available.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal.  *Pagtalunan*, 291 F.3d at 643.

After weighing these factors, the Court will recommend that this case be dismissed for the additional reason of Plaintiff's failure to prosecute.

**IV.    CONCLUSION AND RECOMMENDATIONS**

Based on the foregoing, IT IS RECOMMENDED that:

1.    Defendant's motion for summary judgment (ECF No. 16) be GRANTED and

2.    This case be dismissed with prejudice because Defendant is entitled to summary judgment and Plaintiff has failed to prosecute this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these findings and recommendations, any party may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The objections shall not exceed more than fifteen (15) pages, including exhibits.  Any response to the objections shall be served and filed within fourteen (14) days after service of the objections.

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **June 23, 2025**          /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE

11